[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10320

_____

D. C. Docket No. 03-00127-CV-CWH-5

STEVE DANIEL, On Behalf of
Themselves and All Other
Former Salaried Employees
of Defendants Macon Plant
Similarly Situated,
CAROL REAGAN, On Behalf of
Themselves and All Other
Former Salaried Employees
of Defendants and Macon
Plant Similarly Situated,

Plaintiffs-Appellants,

versus

NORTHROP GRUMMAN SPACE &
MISSION SYSTEMS CORPORATION,
f.k.a. TRW, Inc.,
LUCAS WESTERN, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 14, 2005)

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

PER CURIAM:

Steve Daniel and Carol Reagan (collectively, "plaintiffs") brought this action against Northrop Grumman Space & Mission Systems Corporation, which was formerly known as TRW, Inc., and Northrop's wholly-owned subsidiary, Lucas Western, Inc., (collectively, "defendants") seeking severance pay and accrued vacation pay under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2000). The district court entered summary judgment for defendants and dismissed plaintiffs' claims. On appeal, plaintiffs assert that the district court erred when it (1) failed to provide the notice required by Federal Rule of Civil Procedure 56(c) before granting summary judgment; (2) granted summary judgment to defendants rather than to plaintiffs; and (3) refused to certify the case as a class action. We affirm.

Plaintiffs were salaried employees at TRW's Macon, Georgia, manufacturing plant. The plant produced component parts for the aerospace industry. In March 2000, TRW announced plans to close the Macon plant due to market conditions. Several months later, Alliance Aerospace LLC expressed an interest in purchasing

---

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the plant as a going concern. Under the terms of the Asset Purchase Agreement executed by Alliance and TRW, Alliance acquired ownership of the Macon plant on January 1, 2001, and assumed TRW's remaining production contracts. The agreement provided that Alliance would offer employment to salaried TRW employees working at the plant. TRW also procured Alliance's assent to give transferring employees credit for unused TRW vacation time and to pay severance benefits to transferring employees that Alliance laid off on or before October 1, 2001.

After the sale, Alliance retained plaintiffs in their same positions at the same rate of pay or better. Alliance was unable to generate new business, however, and filed for bankruptcy on July 16, 2001. Plaintiffs were terminated and filed this suit to recover severance and vacation benefits from TRW.

The first issue on appeal is whether the district court gave the parties adequate notice that it might issue summary judgment. Contrary to plaintiffs' assertions that they were sandbagged by the entry of judgment, we conclude that the district court's intentions to make a dispositive ruling were apparent and understood by all parties. At a status conference following the close of discovery, the parties agreed that the most prudent course of action was for the district court to decide the threshold question of defendants' ERISA liability before reaching the

3

procedural matter of class certification.[1]  The district court informed the parties that it would "make a ruling on" the issue of liability, and it set forth a schedule for the parties to brief the issue.  Tr. of Status Conference at 19 (Feb. 19, 2004).  In the six months that followed, plaintiffs submitted lengthy briefs addressing liability, which were supported by deposition transcripts, documentary evidence, and affidavits.  The submission of briefs and evidence consistent with Rule 56 confirms plaintiffs' understanding of the district court's intention to make a dispositive ruling.[2]

Having concluded that the district court's notice of intent to enter summary judgment was adequate, we turn to plaintiffs' second contention on appeal: that the district court erred on the merits in entering summary judgment for defendants.

Plaintiffs seek benefits under the TRW/Lucas Termination Allowance Plan (the "Allowance Plan"), an ERISA plan governing the payment of severance and vacation benefits to salaried employees terminated due to a reduction in force.  The

---

[1]During the conference, counsel for plaintiffs asserted that no material facts were in dispute and that the district court should "first determine[] . . . if these plaintiffs or the class have a sustainable claim based on the plan documents" before addressing the question of class certification.  Tr. of Status Conference at 15 (Feb. 19, 2004).

[2]While not a model of clarity for purposes of Rule 56(c), the district court's notice was sufficient. Had the notice been insufficient, we nonetheless would have found the error harmless. Plaintiffs suggested that the district court rule on the dispositive issue of liability, conceded that the material facts were not in dispute, submitted evidence supporting their legal arguments, and, although pressed to do so at oral argument, failed to identify any evidence supportive of their claims that might have been produced by additional discovery. See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268–69 (11th Cir. 2002).

Allowance Plan states, however, that such termination benefits will <u>not</u> be paid in the case of "[f]acility sale, where employees are offered and accept continued employment." Allowance Plan § 3.2(G). Plaintiffs assert that the "facility sale" provision should not prevent their receipt of benefits because the provision is "ambiguous as to whether the [continued employment] will have to be with TRW or Alliance to bring the employee under the exclusion." Appellants' Br. at 18. We disagree. The only logical reading of this provision, which covers the specific situation in which the plant is sold, precludes the payment of termination benefits when an employee continues in employment with the purchaser, here Alliance.[3] The alternate reading that plaintiffs suggest would result in "the equivalent of a windfall recovery for the Plaintiffs, who never suffered a day of decreased pay or unemployment" when they transitioned to employment with Alliance. <u>Adams v. Thiokol Corp.</u>, 231 F.3d 837, 846 (11th Cir. 2000). Because the Macon plant was sold and plaintiffs were offered and accepted continued employment with the purchasing entity, the plain language and evident intent of the Allowance Plan precludes plaintiffs' claims for severance pay[4] and vacation pay.[5]

---

[3]Indeed, situations in which employees are offered continued employment with TRW are governed by an earlier provision of the Allowance Plan. <u>See</u> Allowance Plan § 3.2(F) (precluding severance pay to employees who "refuse[] reassignment within the organization").

[4]The "Career Transitioning" memorandum issued by TWR in conjunction with its March 2000 closing announcement cannot save plaintiffs' claims. While the memorandum set forth a severance pay plan for employees unsuccessful in procuring employment with another TRW

Finally, because we conclude that the district court properly entered summary judgment for defendants on plaintiffs' claims, we affirm the district court's denial of class certification.

**AFFIRMED.**

---

facility, the first paragraph of the memorandum clearly states that the plan "will be made available" only "[i]n the event a final decision is made to close the Macon facility." Because the Macon facility was sold to Alliance and not closed, the severance plan discussed in the memorandum was never implemented.

[5]To the extent plaintiffs seek vacation benefits pursuant to a source other than the Allowance Plan, we further conclude that there is no merit to their claims.

6